# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD BAURCZARSKI,

      Plaintiff,

v.                                 3:14-CV-01794
                                       (JUDGE MARIANI)

JOHN L. CHOMYN,
WILLIAM T. O'KEEFE, ESQUIRE,
MICHAEL P. MCCANN, ESQUIRE,
and O'KEEFE and MCCANN LLP,

      Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On November 6, 2013, Plaintiff Richard Baurczarski brought this action in the Pike County Court of Common Pleas. (*See* Compl., Doc. 1). The Complaint arises out of a motor vehicle accident that occurred on or about July 10, 2010 and alleges legal malpractice against Defendants William T. O'Keefe, Esq., Michael P. McCann, Esq., and O'Keefe and McCann, LLP., in addition to a third-party negligence claim against Defendant John L. Chomyn. (*Id.*). On December 11, 2013, Defendants O'Keefe, McCann, and O'Keefe and McCann, LLP., removed the action to federal court (*see* 3:13-cv-02977, Doc. 1). After being advised that co-defendant Chomyn was a resident of Pennsylvania,[1] upon

---

[1] Plaintiff Baurczarski is also a Pennsylvania citizen. (*See* Notice of Removal, Doc. 1, ¶ 16).

motion by the defendants, the case was remanded to the Pike County Court of Common Pleas (*id.* at Doc. 5).

On May 7, 2014, Chomyn filed a Motion for Judgment on the Pleadings with the Pike County Court of Common Pleas, which was granted by the Honorable Gregory H. Chelak on June 20, 2014. (*See* Doc. 5, Ex. A, B). On August 15, 2014, counsel for Chomyn filed a Praecipe for Entry of Judgment with the Pike County Clerk of Courts, requesting that judgment be entered in her client's favor, which was subsequently entered by the Clerk. (Doc. 6, Ex. D). The remaining defendants then filed a Notice of Removal to this Court on September 12, 2014. (Doc. 1).

Currently pending before the Court is Plaintiff's Motion to Remand the above-captioned case to the Pike County Court of Common Pleas pursuant to 28 U.S.C.A. §§ 1446 and 1447. (Doc. 5). For the following reasons, this Court will grant Plaintiff's motion and remand this matter to the state court.

## II. ANALYSIS

28 U.S.C. § 1441 permits the removal of certain civil actions originally filed in state court from the state to federal court. The removal procedure is set forth in § 1446, which provides in relevant part as follows:

> . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). A "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal alterations and quotation marks omitted)).

### A. Defendants' Notice of Removal was not timely.

Plaintiff argues that in accordance with § 1446(b)(3), Defendants' removal of this action to federal court was untimely. (Doc. 5, at 10-11). Specifically, Plaintiff claims that it was first ascertainable that the case was removable as of June 20, 2014, the date the state court granted Defendant Chomyn's Motion for Judgment on the Pleadings. In turn, Defendants contend that their notice of removal, filed on September 12, 2014, was timely because it was within 30 days of the August 15, 2014 Order of Judgment "that officially terminated all claims against Co-Defendant Chomyn." (Doc. 6, at 10-12).

A failure to file a notice of removal within the time period prescribed in § 1446 is grounds for remand of the action. *See Carroll v. United Air Lines, Inc.*, 7 F.Supp.2d 516, 519-520 (D.N.J. 1998); *Capone v. Harris Corp.*, 694 F.Supp. 111, 112 (E.D.Pa. 1988); *see also Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220-221 (3d Cir. 2005)(analyzing when the 30-day period for removal began in order to address Plaintiff's argument that Defendant failed to timely remove the action). The burden of proof to show that removal was timely is

on the removing party. *Groh v. Groh*, 889 F.Supp. 166, 169-170 (D.N.J. 1995)(citing *Boyer*, 913 F.2d at 111; *Steel Valley Auth. v. Union Switch and Signal, Div. Am. Standard, Inc.*, 809 F.2d 1006, 1011 (3d Cir.1987)).

Thus, assuming that the initial pleadings in this case did not confer removal jurisdiction, Defendants must show that their notice of removal was filed within thirty days after receipt, through service or otherwise, of an amended pleading, motion, order or other paper indicating that federal jurisdiction was proper in order to meet their burden. While the date upon which formal service of the aforementioned documents are received is not dispositive of the timeliness of removal, *Groh*, 889 F.Supp. at 170, the statutory time period does begin to run once the party is provided with "adequate notice of federal jurisdiction" *Foster v. Mutual Fire, Marine, Inland Ins., Co.*, 986 F.2d 48, 54 (3d Cir. 1993), *overruled on other grounds by Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005); *see also,* 28 U.S.C. § 1446 ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable*")(emphasis added).

Here, Defendants have failed to sustain their burden of showing that their removal of this action was timely. The state court's order on June 20, 2014, explicitly granted Chomyn's motion for judgment on the pleadings, and stated that it saw "no reason to deny Defendant Chomyn the relief being sought." (Doc. 5, Ex. B). A review of Chomyn's motion

4

reveals that the relief being sought was judgment as a matter of law due to the untimeliness of Plaintiff's claims against Chomyn. (*See* Defendant Chomyn's Motion for Judgment on the Pleadings, Doc. 5, Ex. A). Therefore, Defendants were put on notice on June 20, 2014 once the Pike County Court of Common Pleas Judge entered the order granting Defendant Chomyn's motion for judgment on the pleadings that the only claim against Chomyn was dismissed, thereby removing him from the action. At this time, it was first ascertainable that the case was removable and the thirty-day statutory period thus began to run – giving the remaining defendants until July 20, 2014 to timely remove the case to federal court. Although Defendant Chomyn filed a praecipe to enter judgment with the state court on August 15, 2014, that document was not the first notice to the other defendants that the case had become removable. *Cf. King v. Kayak Mfg. Corp.*, 688 F.Supp. 227 (N.D.W.V. 1988)(Judge's statement from the bench that non-diverse defendant was dismissed put other defendant on notice that diversity existed and made action removable despite the fact that the oral ruling was "not immediately reduced to a written minute order of the court"). Thus, Defendants' Notice of Removal filed on September 12, 2014 was not timely and the Court will grant Plaintiff's motion to remand this action.

### B. The voluntary-involuntary rule bars Defendants' removal of this action.

Plaintiff also argues that, because Defendant Chomyn was not removed as a party in this action by a voluntary act on the part of Plaintiff, the "voluntary-involuntary" rule precludes the removal of this case to federal court. (Doc. 5, at 8).

Under the voluntary-involuntary rule, in order to remove a case that is not initially removable, there must be a voluntary act on the part of the plaintiff, such as amendment of the pleadings or a voluntary dismissal of the non-diverse defendant. *Rubino v. Genuardi's Inc.*, 2011 WL 344081, at *5 (E.D.Pa. 2011); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *see also, Am. Car & Foundry Co. v. Kellelhake*, 236 U.S. 311, 316, 35 S.Ct. 355, 59 L.Ed. 594 (1915)("[W]here there is a joint cause of action against defendants resident of the same state with the plaintiff and a nonresident defendant, it must appear, to make the case a removable one as to a nonresident defendant because of dismissal as to resident defendants, that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant.").

"A distinction has been made between a state judge terminating the action as to a non-diverse party, which does not make the action removable, and the plaintiff voluntarily terminating the action as to the non-diverse party, which does make the action removable." *Greco v. Beccia*, 2001 WL 121887, at *2-3 (M.D.Pa. 2001). This includes a court order which "by definition [is] an act of a court, rather than a voluntary act of a plaintiff." *Rubino*, 2011 WL 344081, at *5. District courts in the Third Circuit thus require that the dismissal of a non-diverse defendant be the result of a voluntary act of the plaintiff if used as the basis for removal.

Here, Defendant Chomyn filed a Motion for Judgment on the Pleadings, which was granted by the Court on June 20, 2015. (*See* Doc. 5, Ex. 2). Chomyn's removal was not facilitated by a voluntary act on the part of the Plaintiff or Plaintiff's counsel, but rather was the result of a motion by Chomyn. (*Id.*).[2] Because there must be a voluntary act of the plaintiff in order to remove a case that is not initially removable under the voluntary-involuntary rule, and Defendant Chomyn was removed from this action as the result of a Court order and not any affirmative action on the part of Plaintiff, Plaintiff's Motion to Remand this matter to the Pike County Court of Pleas will be granted.

### C. Defendants' claim of fraudulent joinder is not timely.

Defendants argue that the voluntary-involuntary rule is inapplicable because Chomyn was fraudulently joined in this action. (Doc. 6, at 5-10). Although removal is invalid when a defendant fails to establish the presence of complete diversity, the doctrine of fraudulent joinder provides an exception to this rule. *See Boyer*, 913 F.2d at 111-113; *Gil v. Related Management Co.*, 2006 WL 2358574, at *2 (D.N.J. 2006). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

---

[2] To the extent that Defendants seek to rely on their contention that Plaintiff "did not oppose Defendant Chomyn's Motion for Judgment on the Pleadings in any manner" (Doc. 6, at 10) as a basis for asserting that Plaintiff consented to the dismissal of Chomyn, such argument also fails. *See Cook v. Pep Boys-Marine, Moe & Jack, Inc.*, 641 F.Supp. 43, 46 (E.D.Pa. 1985)("[The Court] cannot justify the removal of this litigation to a federal forum by treating the plaintiffs' failure to oppose the motion for judgment on the pleadings as equivalent to consent to the dismissal of [non-diverse defendant]").

7

While an argument that the case should remain in federal court due to a fraudulent joinder may have been appropriate at an earlier stage in the proceedings,[3] the Court need not reach the merits of Defendants' argument here given that it is untimely. As is the case whenever a party seeks to remove an action to federal court, the doctrine of fraudulent joinder must be asserted "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants raise the issue of fraudulent joinder for the first time in their brief in opposition to Plaintiff's motion to remand, filed on October 1, 2014. (*See* Doc. 6). The Defendants' Notice of Removal, filed September 12, 2014, merely states that the case is now removable because Chomyn was "eliminat[ed] . . . as a party from this action", thereby creating "complete diversity between the Plaintiff . . . and the current Defendants, William T. O'Keefe, Esquire, Michael P. McCann, Esquire, and O'Keefe and McCann, LLP." (Doc. 1, ¶¶ 24, 26). There is no indication that Defendants' removal was based, even in part, on the alleged existence of a fraudulent joinder. Furthermore, the moving defendants previously removed this action to federal court in December, 2013, but then filed a motion to withdraw removal and grant remand to the Court of Common Pleas (3:13-cv-2977, Doc. 3) on the basis that there was not complete diversity because Chomyn was a resident of

---

[3] The Court expresses no opinion as to whether Chomyn was fraudulently joined – only that such argument may have been appropriate, and addressed by the Court, if asserted at an earlier time in the proceedings.

8

Pennsylvania. Neither the first Notice of Removal nor Defendants' unopposed motion to remand the case provided any indication that Defendants were asserting the existence of a fraudulent joinder, and had Defendants intended to assert their claim that Chomyn was fraudulently joined, such an argument would have been timely at that time. Instead, Defendants waited until after Chomyn was dismissed from the action, they had removed the action to federal court on the grounds that complete diversity was now present, and Plaintiff had filed a motion to remand, to finally raise the assertion of fraudulent joinder. This argument, first raised almost one year from the time the complaint was filed, over three months from the time Chomyn's motion for judgment on the pleadings was granted, 47 days from the time judgment was entered in favor of Chomyn in state court, and even 19 days after Defendants filed their second Notice of Removal, comes far too late.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Remand the action to the Pike County Court of Common Pleas (Doc. 5). A separate Order follows.

Robert D. Mariani
United States District Judge